# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PAUL CLARENCE BAILEY § | |
| § | Civil Action No. 4:17-CV-276 |
| v. § | (Judge Mazzant/Judge Nowak) |
| § | |
| COLLIN COUNTY D.A. GREG WILLIS, § | |
| ET AL. § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On January 11, 2018, the report of the Magistrate Judge (Dkt. #67) was entered containing proposed findings of fact and recommendations that Frisco Police Department's Rule 12(b)(6) Motion to Dismiss (Dkt. #34), Collin County District Attorney Greg Willis and Assistant District Attorney Lindsey Wynne's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #38), and Greg Gibbs and Mark Ledbetter's Rule 12(b)(6) Motion to Dismiss (Dkt. #40) be granted, that Defendants 366th District Court Judge Ray Wheless, the Fifth Court of Appeals Justices, the Court of Criminal Appeals Justices, Governor Greg Abbott, and Attorney General Ken Paxton's Motion to Dismiss Complaint on the Basis of Judicial, Qualified, Eleventh Amendment and Sovereign Immunity (Dkt. #33) be granted in part and denied in part, and that Greg Gibbs and Mark Ledbetter's Motion for More Definite Statement Subject to their Motion to Dismiss (Dkt. #41) be denied as moot. Having received the report and recommendation of the Magistrate Judge (Dkt. #67), having considered Plaintiff's objections (Dkt. #69), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**BACKGROUND**

The facts in this case have been set forth in detail by the Magistrate Judge, and need not be duplicated in their entirety herein. On June 28, 2009, Defendant Frisco Police Department ("FPD") received an emergency call that Plaintiff Paul Clarence Bailey was suicidal and had a weapon. FPD was dispatched to Plaintiff's residence; Plaintiff fired a weapon. After several hours, Plaintiff surrendered to FPD officers. On April 26, 2012, Plaintiff was convicted of aggravated assault with a deadly weapon and sentenced to five years' imprisonment. *Bailey v. State*, No. 05-12-00634-CR, 2013 WL 3974047, at *1 (Tex. App.—Dallas, Aug. 2, 2013, no pet.). On August 2, 2013, the state appellate court affirmed Plaintiff's conviction.

On April 20, 2017, Plaintiff filed the instant suit against Defendants Prosecutors Willis and Wynne, Judge Wheless, Attorneys Gibbs and Ledbetter, the Court of Appeals Justices, the Court of Criminal Appeals Justices, FPD, Governor Greg Abbott (as former Attorney General), and Attorney General Ken Paxton. Relevant herein, in the underlying criminal case, 366th District Judge Ray Wheless presided, Attorneys Greg Gibbs and Mark Ledbetter represented Plaintiff and Collin County District Attorney Greg Willis and Assistant District Attorney Lindsey Wynne prosecuted Plaintiff. *Bailey*, 2013 WL 3974047, at *1.

By and through his suit, Plaintiff seeks "declaratory, injunctive and other appropriate relief" for Defendants' violations of his "first, second, forth [sic], fifth, sixth, ninth, and fourteenth Amendment[]" rights (Dkt. #1 at p. 1). Specifically, Plaintiff requests "a jury trial that will allow Plaintiff AND the defendants a venue that will make ALL accountable to a jury of their peers" because "[t]he defendants have utilized their formidable skills as legal professionals to prove that they can readily manipulate the system and procure a criminal conviction upon a man **THAT**

***THEY KNEW, ALL ALONG, WAS INNOCENT!***" (Dkt. #1 at p. 4) (emphasis in original). In addition to Plaintiff's civil rights claims, Plaintiff asserts six state law claims.

On September 8, 2017, Judge Wheless, the Fifth Court of Appeals Justices, the Court of Criminal Appeals Justices, Governor Abbott, and AG Paxton filed their Motion to Dismiss Complaint on the Basis of Judicial, Qualified, Eleventh Amendment and Sovereign Immunity (Dkt. #33). On September 11, 2017, FPD filed its Rule 12(b)(6) Motion to Dismiss (Dkt. #34). On September 14, 2017, Prosecutors Willis and Wynne filed their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #38). On September 15, 2017, Attorneys Gibbs and Ledbetter filed their Rule 12(b)(6) and Rule 12(b)(1) Motions to Dismiss (Dkt. #40). On September 15, 2017, Attorneys Gibbs and Ledbetter also filed a Motion for More Definite Statement (Dkt. #41).

Upon consideration of the Motions and numerous responsive pleadings, the Magistrate Judge entered a report (Dkt. #67), recommending that: (1) FPD's Rule 12(b)(6) Motion to Dismiss (Dkt. #34), Prosecutors Willis and Wynne's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #38), and Attorneys Gibbs and Ledbetter's Rule 12(b)(6) Motion to Dismiss (Dkt. #40) be granted; (2) Defendants Judge Wheless, the Fifth Court of Appeals Justices, the Court of Criminal Appeals Justices, Governor Abbott, and AG Paxton's Motion to Dismiss Complaint on the Basis of Judicial, Qualified, Eleventh Amendment and Sovereign Immunity (Dkt. #33) be granted in part as to Plaintiff's claims against Judge Wheless, the Fifth Court of Appeals Justices, the Court of Criminal Appeals Justices, and AG Paxton; and denied in part as moot, based on Plaintiff withdrawing his claims against Governor Abbott; and (3) Gibbs and Ledbetter's Motion for More Definite Statement Subject to their Motion to Dismiss (Dkt. #41) be denied as moot. Specifically, the Magistrate Judge recommended dismissal of Plaintiff's claims under § 1983: (1) against the Court of Appeals Justices, the Court of Criminal Appeals Justices, Judge Wheless,

3

Attorney General Ken Paxton, and Prosecutors Willis and Wynne in their official capacities as barred by Eleventh Amendment immunity; (2) as barred by *Heck v. Humphrey*; (3) as time-barred; (4) against FPD because FPD is a non-jural entity, incapable of being sued; (5) against the City of Frisco for Plaintiff's failure to allege any City policy caused any alleged injury to Plaintiff; (6) against Attorneys Gibbs and Ledbetter as Plaintiff's allegations fail to establish either individual as a state actor; (7) against Judge Wheless, the Court of Appeals Justices, and the Court of Criminal Appeals Justices as barred by judicial immunity; (8) against Prosecutors Willis and Wynne as barred by prosecutorial immunity; and (9) for the failure to specify the personal involvement of each defendant (Dkt. #67 at p. 27). Furthermore, the Magistrate Judge recommended dismissal of Plaintiff's state law claims: (1) as time-barred; (2) against FPD, Attorney General Paxton, Prosecutors Wynne and Willis, Judge Wheless, the Court of Appeals Justices, and the Court of Criminal Appeals Justices as barred by governmental immunity; (3) against Attorney General Paxton as barred by official immunity; (4) against Prosecutors Wynne and Willis as barred by prosecutorial immunity; and (5) against Judge Wheless, the Court of Appeals Justices and the Court of Criminal Appeals Justices as barred by judicial immunity (Dkt. #67 at pp. 33–34). Finally, the Magistrate Judge recommended that Plaintiff be denied leave to amend before dismissal because "Plaintiff cannot establish that his 2012 conviction for aggravated assault has been reversed, expunged, invalidated, or otherwise called into question," and therefore, his claims are fatally infirm (Dkt. #67 at pp. 34–35).

Plaintiff filed objections to the report on January 26, 2018 (Dkt. #69). On January 30, 2018 Prosecutors Willis and Wynne filed a response (Dkt. #70). FPD responded on February 7, 2018 (Dkt. #71). On the same day, Plaintiff filed a reply to Willis and Wynne's response (Dkt. #73).

On February 9, 2018, Attorneys Gibbs and Ledbetter filed a response (Dkt. #74). Plaintiff filed a response to FPD's response on February 12, 2018 (Dkt. #75).

**OBJECTIONS**

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2)-(3). Throughout his objections, Plaintiff makes multiple nonsensical arguments, namely citing passages of the Bible and quotations from Adolf Hitler, as authority for his contention that he is entitled to relief in this action. Broadly construing his filings, Plaintiff objects to the Magistrate Judge's recommendation that the Court dismiss his claims prior to allowing him an opportunity to amend or to conduct discovery and/or for failing to appoint him counsel. Plaintiff also asserts that: (1) the Court has erroneously ignored Plaintiff's wrongful and fraudulent conviction and his actual innocence; and (2) the Court erred by not applying the statute of limitations period under Texas Code of Criminal Procedure § 12.01. The Court addresses each assertion in turn.

*1.    Leave to Amend*

As a threshold matter, Plaintiff asserts that he should be provided an opportunity to amend before the Court dismisses his claims.[1] However, because Plaintiff has failed to establish that his claims are not fatally infirm, any amendment to his pleadings would be futile.

In particular, as to Plaintiff's § 1983 claims, a claim that falls under the rule announced in *Heck v. Humphrey,* 512 U.S. 477 (1994) "is legally frivolous unless the conviction or sentence at

---

[1] Plaintiff also avers that the Magistrate Judge erred and he should have been provided court-appointed counsel and an opportunity to conduct discovery prior to the Magistrate Judge's recommendation that the Court dismiss his claims. The Court finds that Plaintiff is not entitled to court-appointed counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982) (a litigant generally is not entitled to a court-appointed attorney in a civil case, and must present "exceptional circumstances to be appointed counsel). Neither is Plaintiff entitled to an opportunity to conduct discovery in this instance. *McDonald v. Griffin*, 228 F.3d 409 (5th Cir. 2000) (the district court did not abuse its discretion by staying discovery pending resolution of a defendant's sovereign and absolute immunity defenses).

issue has been reversed, expunged, invalidated, or otherwise called into question." *Hamilton v. Lyons,* 74 F.3d 99, 102 (5th Cir. 1996). Because Plaintiff cannot establish that his 2012 conviction for aggravated assault has been reversed, expunged, invalidated, or otherwise called into question, as discussed more fully below, Plaintiff should not be granted leave to amend his complaint prior to dismissal. *See Jordan v. Nelms*, No. CIV.A. 302CV1043M, 2002 WL 1461906, at *1 (N.D. Tex. July 1, 2002) (Lynn, J), *dismissed,* 54 F. App'x 796 (5th Cir. 2002) (the court would not grant the *pro se* plaintiff leave to amend "as the amendment would be futile, since Plaintiff cannot satisfy the requirements of *Heck*").

## 2. Heck *Bar*

In the Report and Recommendation, the Magistrate Judge found:

> In the instant case, a judgment in favor of Plaintiff would necessarily imply the invalidity of his conviction (i.e., that FPD falsified affidavits for search warrants, Attorneys Gibbs and Ledbetter refused to raise certain defenses, Judge Wheless deliberately misled the jury and denied hearings on Plaintiff's motions, Prosecutors Wynne and Willis withheld exculpatory evidence, Governor Abbott and Attorney General Paxton "knowingly and fraudulently ruled on behalf of FPD," the Court of Appeals Justices and the Court of Criminal Appeals Justices denied hearings on Plaintiff's motions, and all Defendants conspired together to "procure a criminal conviction upon a man that they knew, all along, was innocent")….Plaintiff was convicted of aggravated assault with a deadly weapon and sentenced to five years imprisonment on April 26, 2012. The state appellate court affirmed Plaintiff's conviction on August 2, 2013. The entirety of Plaintiff's claims revolve around his averment that he has been wrongfully convicted of this crime and is indeed innocent. All of Plaintiff's claims under § 1983 are barred by *Heck*, because Plaintiff's conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus.

(Dkt. #67 at pp. 14–15). Plaintiff continues to assert his innocence, objecting that "[t]he Defendants have successfully made this court oblivious to the framing of an innocent man, by advancing a []story of manufactured fiction,[] proven to having been formulated via a forged affidavit, of a deceased police officer" (Dkt. #69 at p. 4). Notably, Plaintiff admits that, by and through his suit, he "continues to collaterally attack his criminal conviction" (Dkt. #75 at p. 2).

6

"[T]he Supreme Court unequivocally held [in *Heck v. Humphrey*, 512 U.S. 477 (1994)] that no cause of action exists under § 1983 for state prisoners who bring civil rights actions for allegedly unconstitutional convictions or imprisonment, or otherwise collaterally attacking the constitutionality of the convictions that form the basis for their incarceration, *unless* the state prisoner can show that the state criminal conviction he is collaterally attacking has been invalidated by a state appellate court, a state or federal habeas court, or some other state authority with jurisdiction to do so." *Henry v. Kerr Cty., Texas*, No. SA:16-CV-284-DAE-PMA, 2016 WL 2344231, at *5 (W.D. Tex. May 2, 2016) (emphasis in original). The Court confirms, as the Magistrate Judge previously found, Plaintiff's allegations that Defendants have perpetuated certain frauds thereby ensuring Plaintiff's conviction, are barred by *Heck*. Plaintiff has failed to demonstrate that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Conlan v. King, et al.*, 682 F. App'x 345 (5th Cir. 2017) (claims of false arrest and illegal seizure of evidence barred by *Heck*).

### 3. *Statute of Limitations*

Next, applying the appropriate statutes of limitations, the Report and Recommendation found that the entirety of Plaintiff's § 1983 and state law claims are time-barred. Plaintiff objects that this finding is erroneous because "there is also the matter of Texas Code of Criminal Procedure that the court has neglected to consider in response to any claims of the 'Statute of Limitations' having any bearing in my conviction being valid" (Dkt. #69 at p. 13). Plaintiff argues that the Court should have considered his claims under Texas Criminal Procedure Code § 12.01 (2)(C): "felony indictments may be presented within these limits, and not afterward...ten years from the date of the commission of the offense...forgery or the uttering, using or passing of forged instruments."

Plaintiff is mistaken that the Code of Texas Criminal Procedure applies to his civil claims herein. As the statute clearly states, it applies to the presentment of felony indictments, not the initiation of a civil lawsuit. It is well settled law that § 1983 claims raised in the state of Texas are governed by a two-year statute of limitations, not the ten-year statute of limitations suggested by Plaintiff. *Wallace v. Kato,* 549 U.S. 384, 387 (2007) (Federal courts look to the law of the forum state to determine the length of the statute of limitations applicable in cases filed pursuant to § 1983); *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001) (Texas has a two-year statute of limitations for personal injury claims); *see also Hatchet v. Nettles,* 201 F.3d 651, 653 (5th Cir. 2000). Plaintiff's state law claims are governed by various statutes of limitations ranging from one to four years. *Internet Corporativo S.A. de C.V. v. Bus. Software All., Inc.*, No. CIV.A. H-04-2322, 2004 WL 3331843, at *8 (S.D. Tex. Nov. 15, 2004) ("Texas law supplies a two-year statute of limitation to abuse of process claims.") (citing Tex. Civ. Prac. & Rem. Code § 16.003); *Nazir v. Wal-Mart Stores*, No. CIV.A. H-09-2902, 2009 WL 3735937, at *6 (S.D. Tex. Nov. 4, 2009) ("the limitations period for bringing a cause of action for false imprisonment is two years.") (citing Tex. Civ. Prac. & Rem. Code § 16. 003(a)); *Stevenson v. Koutzarov*, 795 S.W.2d 313, 318–19 (Tex. App.—Hous.[1st Dist.] 1990, writ denied) ("Civil conspiracy is governed by the two-year statute of limitations."); *Drake v. Fitzsimmons*, No. 3:12-CV-1436-B, 2013 WL 775354, at *2 (N.D. Tex. Mar. 1, 2013) ("The statute of limitations for fraud in Texas is four years.") (citing Tex. Civ. Prac. & Rem. Code § 16.004(a)); *George v. Harris Cty., Tex.*, No. CIV.A. H-10-3235, 2012 WL 2744332, at *11 (S.D. Tex. July 9, 2012) ("Under Texas law, malicious prosecution is governed by a one-year statute of limitations."). Plaintiff's objections are overruled.

4. ***Request to Recuse***

In Plaintiff's Reply in support of his objections, he also makes the following statements:

> Plaintiff further submits that [Defendants'] latest appeal being made directly to Judge Mazzant, (as well as Magistrate Johnson, which Plaintiff submit[s] is but another ruse to distract from their ultimate intentions) of addressing Judge Mazzant in their latest motion. All which, is but a conclusive act, by the Defendants meant ONLY to obtain a favorable response by his (Judge Mazzant's) intervention in some capacity, is a clear act of his subjecting his bias. Notably, in this case, that Plaintiff has REPEATEDLY requested his recusal previously. A request that is clearly justified in accordance to the rule of law, and NOW stands acclimated. Therefore, another request for recusal is now being set forth, AND in all respect, Plaintiff feels is in the best interest of Judge Mazzant, as well. As the Defendants actions have clearly risen to acts that are not simple acts of judicial pandering, BUT CLEARLY rise to a level of criminal intent.

(Dkt. #75 at pp. 1–2).

Under § 455, "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455. The decision whether to recuse under § 455 is committed to the sound discretion of the Court asked to recuse. *See, e.g.*, *Garcia v. City of Laredo*, 702 F.3d 788, 793-94 (5th Cir. 2012); *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004) (quoting *Chitimacha Tribe v. Harry L. Laws Co.*, 690 F.2d 1157, 1166 (5th Cir. 1982)). The United States Supreme Court has made clear "[t]he recusal inquiry must be made from the perspective of a *reasonable* observer who is *informed of all the surrounding facts* and circumstances." *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 541 U.S. 913, 924 (2004) (emphases added); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016), *cert. denied*, 137 S. Ct. 1098 (2017). The Fifth Circuit has interpreted this mandate to mean that "[courts] ask how things appear to the well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person," while remaining "mindful that an observer of our judicial system is less likely to credit judges' impartiality than the judiciary" would be. *United States v. Jordan*, 49 F.3d 152, 156-57 (5th Cir. 1995). Indeed, the statute exists to mandate recusal in cases where it truly appears (or is the case that) the presiding judge cannot consider the case impartially—not where a litigant's speculation

based on incomplete information implies concealment and impropriety. *See* H.R. REP. NO. 93-1453, at 6355 (1974). Further, the recusal inquiry is "extremely fact intensive and fact bound" and requires "a close recitation of the factual basis for the . . . recusal motion" by the movant. *Republic of Panama v. Am. Tobacco Co., Inc.*, 217 F.3d 343, 346 (5th Cir. 2000).

Relevant herein, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* (noting also that this applies to opinions manifested as "judicial remarks"). A judge's rulings instead "are proper grounds for appeal, not for recusal." *Id.*; *see also Thornton*, 2016 WL 8710442, at *5 ("The recusal and disqualification statutes are not designed to substitute for an appeal"). Broadly construing his filing, Plaintiff asserts recusal is appropriate because the undersigned has ruled in favor of Defendants, which is insufficient for the recusal of the undersigned. "[T]rial *rulings* have a judicial *expression* rather than a judicial *source*" such that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555 (1994) (emphasis in original) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)); *see also United States v. Stanley*, 595 F. App'x 314, 320 (5th Cir. 2014) (the district judge's statements made in consideration of a case's issues "d[id] not demonstrate 'a deep-seated favoritism or antagonism that would make fair judgment impossible,' [and therefore,] they failed to support a claim for bias or prejudice"). Because Plaintiff fails to sufficiently show bias or prejudice, the Court finds no basis for recusal in this matter.

## CONCLUSION

Having considered Plaintiff's objections (Dkt. #69), and having conducted a de novo review, the Court adopts the Magistrate Judge's report (Dkt. #67) as the findings and conclusions of the Court.

Accordingly, it is **ORDERED** that the Frisco Police Department's Rule 12(b)(6) Motion to Dismiss (Dkt. #34), Collin County District Attorney Willis and Assistant District Attorney Wynne's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. #38), and Greg Gibbs and Mark Ledbetter's Rule 12(b)(6) Motion to Dismiss (Dkt. #40) are **GRANTED**.

It is further **ORDERED** that Defendants 366th District Court Judge Ray Wheless, the Fifth Court of Appeals Justices, the Court of Criminal Appeals Justices, Governor Greg Abbott, and Attorney General Ken Paxton's Motion to Dismiss Complaint on the Basis of Judicial, Qualified, Eleventh Amendment and Sovereign Immunity (Dkt. #33) is **GRANTED IN PART AND DENIED IN PART**. Specifically, the Motion to Dismiss is granted in part as to Plaintiff's claims against Defendants 366th District Court Judge Ray Wheless, the Fifth Court of Appeals Justices, the Court of Criminal Appeals Justices, and Attorney General Ken Paxton. The Motion to Dismiss is denied in part as moot, based on Plaintiff withdrawing his claims against Governor Greg Abbott.

The following claims are hereby **DISMISSED**:

- Plaintiff's § 1983 and state law claims against the Frisco Police Department;
- Plaintiff's § 1983 and state law claims against Collin County District Attorney Willis in his official and individual capacities;
- Plaintiff's § 1983 and state law claims against Collin County Assistant District Attorney Wynne in her official and individual capacities;

- Plaintiff's § 1983 and state law claims against 366th District Court Judge Ray Wheless in his official and individual capacities;

- Plaintiff's § 1983 and state law claims against the Fifth Court of Appeals Justices in their official and individual capacities;

- Plaintiff's § 1983 and state law claims against the Court of Criminal Appeals Justices in their official and individual capacities; and

- Plaintiff's § 1983 and state law claims against Attorney General Ken Paxton in his official and individual capacities.

It is further **ORDERED** that the Clerk of Court terminate Governor Abbott pursuant to Plaintiff's voluntary dismissal.

It is finally **ORDERED** that Greg Gibbs and Mark Ledbetter's Motion for More Definite Statement Subject to their Motion to Dismiss (Dkt. #41) is **DENIED** as moot.

All relief not previously granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.
**SIGNED this 8th day of May, 2018.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE